UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. VILLALTA,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, et al.,<br><br>Defendants. | No. 1:20-cv-01245-NONE-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

    Plaintiff Jose G. Villalta ("Plaintiff") is a state inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 2, 2020. (ECF No. 1). The Complaint brings claims that relate to occurrences before trial, immediately after trial, and at prison. Plaintiff names the Superior Court of California, County of Orange as a defendant. The Court finds that the Complaint fails to state any cognizable claims.

    After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which the Court will screen in due course. Plaintiff can also notify the Court that he wants to stand on

his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

### A. Claim I

Claim I begins by quoting California Penal Code § 1203.01(a) in full. That statute concerns the views the judge or district attorney has about a person who has just been convicted or sentenced. Then the complaint reads:

> This never happen and wasn't deliver to me, that's why the counselor are denying my request Privacy Act information and pointing to the CDCR BOP Sacramento.
>
> The unprecedented sentencing with a multiple charges same & similar offenses violates U.S.S.G. Access to the Court, Double Jeopardy Cruel & unusual punishment & Due Process, Equal Protection Destroyed my family by separating us.  PC 269 – aggravated assault, GBI but no DNA evidence, offense date is mystery 8-24-99 not born yet, my daughter born 10-10-99 They'd have the same ages by the accuser.

### B. Claim II

Plaintiff, who used the civil rights complaint form for this district, stated his claims arose under: "Amendment's 5, 8, 14 Due Process, Equal Protection, Double Jeopardy, Cruel & Unusual Punishment." Plaintiff cites gives purported descriptions for two cases: *Sanders v. English*, 950 F.2d 1152 (5th Cir. 1992) and *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992).

As his injury, Plaintiff wrote identified four groups:

> Investigator's – Police misconduct
> Prosecutor's – Prosecutorial misconduct
> Judge – Judicial Abuse
> CDCR – BOP – Warden

Plaintiff the alleges that those groups were: "working together for mass incarceration Prison Profit, easy Target for poor, middle income families, but not to rich, famous as Hon. Justice Kavanaugh. No one is above the law for them."

### C. Claim III

The supporting facts for Claim III reads as follows (legal arguments omitted):

> But this J. Boyd correctional officer gave a false report. Report title 15 of Section 3017 failure to present at count time, then the Sgt. Eaton & Capotain Townsend convicted me guilty lost of credit 30 days & the 12 weeks credit, without a procedural due process.

In connection with those supporting facts, Plaintiff alleges the following injuries:

This J. Boyd correctional officer he will go online check your charges and destroy your reputation and you can become a threat to the community for exposing your charges and giving continuous false report. No respect with elderly inmates under ADA, his response that he doesn't care. Don't know the Armstrong Remedial Plan.

### III.    SECTION 1983

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should

know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

///

///

## IV. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Pleading Rules

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. The complaint must specifically state what each defendant did that violated the plaintiff's constitutional rights.

Plaintiff's Complaint does not comply with this rule. It does not include a short and plain statement of the claim showing that Plaintiff is entitled to relief. It is difficult to understand and contains mostly sentence fragments. It also alleges injuries without identifying any clear factual predicate, *e.g.*, "Investigator's – Police misconduct".

A complaint must also comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. App'x. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any

1 right to relief is asserted against them jointly, severally, or in the alternative with respect to or
2 arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B)
3 any question of law or fact common to all defendants will arise in the action.").

4 Plaintiff's claim challenging his conviction and sentence appears to be entirely unrelated
5 to his claims regarding abuses in the legal system or false rules violations reports. Therefore,
6 Plaintiff has failed to comply with Rules 18 and 20. As such, the complaint fails to state a claim.

7 **B.    Not a Proper Defendant**

8 Plaintiff's complaint also fails to state a claim because it does not name a proper
9 defendant.

10 "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but
11 it does not provide a federal forum for litigants who seek a remedy against a State for alleged
12 deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has
13 waived its immunity or unless Congress has exercised its undoubted power under § 5 of the
14 Fourteenth Amendment to override that immunity." *Will v. Michigan Dep't of State Police*, 491
15 U.S. 58, 66 (1989). Congress did not exercise that power in section 1983. *Id.* at 63 ("*Quern* [v.
16 Jordan, 440 U.S. 332 (1979)] held that § 1983 does not override a State's Eleventh Amendment
17 immunity[.]"). A superior court is "an arm of the state not subject to § 1983 liability." *Krug v.*
18 *Maricopa Cty. Superior Court*, 674 F. App'x 652, 653 (9th Cir. 2017) (unreported) (citing *Will*,
19 491 U.S. at 70). Hence, "Plaintiff cannot state a claim against the [Orange] County Superior
20 Court (or its employees), because such suits are barred by the Eleventh Amendment." *Simmons v.*
21 *Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

22 Accordingly, to the extent Plaintiff names Superior Court of California, County of
23 Orange, as a defendant, Plaintiff fails to state a claim.

24 **C.    Legal Standards**

25 The Court will grant Plaintiff with leave to amend his complaint. The Court provides
26 certain legal standards below that might apply to the facts in Plaintiff's complaint. If Plaintiff
27 chooses to amend his complaint, he should consider these legal standards to determine if
28 additional facts would establish a cognizable claim for violation of his constitutional rights. In

addition, he should pick one claim or set of related claims.  If he wishes to pursue multiple unrelated claims, he must file separate lawsuits for each set of claims.  He should also name the defendant who directly caused the constitutional violation.

### 1. Fact and Duration of Confinement

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

Plaintiff's claims challenging the fact or duration of his confinement must be brought through a federal habeas action (or appropriate state action). They cannot be brought in a § 1983 action. Instead, Plaintiff must challenge any state conviction by filing appeals in the relevant state courts.  Once Plaintiff exhausts his state appeals, and Plaintiff believes that his conviction violates his federal constitutional rights, Plaintiff may be entitled to file a petition for the writ of habeas corpus in federal court at that time.[1]

The Court will direct the Clerk of the Court to provide Plaintiff with a § 2254 habeas complaint form that Plaintiff may use if he chooses to proceed with his claims challenging the fact or duration of his confinement.

### 2. Favorable Termination Rule – *Heck v. Humphrey*

A plaintiff may not file a section 1983 lawsuit for violation of his constitutional rights unless and until his conviction has been overturned or otherwise invalidated.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable-termination rule" laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after

---

[1] Petitions for habeas relief under § 2254 are subject to separate exhaustion and statute of limitations requirements. *See* 28 U.S.C. § 2254. As it appears Plaintiff was convicted in Orange County, California, the proper venue for his habeas petition is the Central District of California.

1    exhausting appropriate avenues for relief.  *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

2        "The applicability of the favorable termination rule turns solely on whether a successful §
3    1983 action would necessarily render invalid a conviction, sentence, or administrative sanction
4    that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856
5    (9th Cir. 2003).  In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a
6    criminal conviction arising out of the same facts and is fundamentally inconsistent with the
7    unlawful behavior for which section 1983 damages are sought, the 1983 action must be
8    dismissed."  But if the "action, even if successful, will not demonstrate the invalidity of any
9    outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in
10   the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

11       3.    <u>Equal Protection</u>

12       The equal protection clause requires that persons who are similarly situated be treated
13   alike.  *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985); *Hartmann v.*
14   *California Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*,
15   705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  To
16   state a claim, Plaintiff must show that Defendants intentionally discriminated against him based
17   on his membership in a protected class, *Hartmann*, 707 F.3d at 1123 *Furnace*, 705 F.3d at 1030,
18   *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Thornton v. City of St. Helens*, 425 F.3d
19   1158, 1166-67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or
20   that similarly situated individuals were intentionally treated differently without a rational
21   relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591,
22   601-02 (2008), *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), *Lazy Y Ranch Ltd. v.*
23   *Behrens*, 546 F.3d 580, 592 (9th Cir. 2008), *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478,
24   486 (9th Cir. 2008).

25       With respect to claims against prison officials, there is less scrutiny, and greater deference
26   to prison officials, outside of the context of race. "In the prison context, the right to equal
27   protection is judged by a standard of reasonableness—specifically, whether the actions of prison
28   officials are reasonably related to legitimate penological interests." *Jones v. Williams*, 791 F.3d

1023, 1037 (9th Cir. 2015). This standard, stemming from *Turner v. Safley*, 482 U.S. 78, 89 (1987), is "deferential" to prison officials. *See Johnson*, 534 U.S. at 513; *Harrison v. Kernan*, No. 17-16823, 971 F.3d 1069, 1076 (9th Cir. 2020).

### 4. The Privacy Act of 1974

The Privacy Act of 1974 does not apply to state governments. *St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.2d 1369, 1373 (9th Cir. 1981) ("[T]he Privacy Act appl[ies] only to 'agencies' as that term is defined under . . . 5 U.S.C. s 552(e). Under [this] definition[], 'agency' does not encompass state agencies or bodies.").

### 5. False Rule Violation Reports

A prison official does not violate a prisoner's constitutional rights merely by filing a false rules violation report. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." (citations omitted)); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *aff'd*, 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

A false allegation against a prisoner does *not* create a claim so long as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations, and (2) the false allegations are not in retaliation for the prisoner exercising constitutional rights. Specifically, the Ninth Circuit held in *Hernandez v. Johnston*, 833 F.2d 1316 (9th Cir. 1987) that inaccurate information in a prison record did not violate the prisoner's due process rights. *Id.* at 1318 ("Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements.").

While the Ninth Circuit has not directly addressed whether a false rules violation report alone violates a prisoner's constitutional rights, this specific issue was thoroughly addressed in a decision of this district, which was affirmed by the Ninth Circuit in an unpublished decision:

> A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir.1989); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986). As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983. *See Freeman,* 808 F.2d at 951 (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th Cir.1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").
>
> Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California relying on the cases cited above have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983. *See, e.g., Conner v. Winslow,* No. EDCV 07–218 AG (AN), 2009 WL 1549737 at *18 (C.D. Cal. June 1, 2009); *Williams v. Foote,* No. CV 08–2838 CJC (JTL), 2009 WL 1520029 at *7 (C.D.Cal. May 28, 2009); *Salisbury v. Miller,* No. C 08–4680 MHP (pr), 2009 WL 743925 at *2 (N.D.Cal. Mar.18, 2009); *Meraz v. Reppond,* No. C 08–4540 MHP (pr), 2009 WL 723841 at *2 (N.D.Cal. Mar.18, 2009); *Rodgers v. Reynaga,* No. CV 1–06–1083 JAT, 2009 WL 62130 at *2 (E.D.Cal. Jan.8, 2009); *Drake v. Berg,* No. C 07–3844 PJH (PR), 2008 WL 4482848 at *1 (N.D.Cal. Oct.1, 2008); *Moore v. Thomas,* No. C 06–2105 SBA (PR), 2008 WL 4447726 at *4 (N.D.Cal. Sept.30, 2008); *Deadmon v. Grannis,* No. 06–cv–1382 LAB (WMC), 2008 WL 595883 at *10 (S.D.Cal. Feb. 29, 2008); *Carrillo v. Pena,* No. CIV S–06–2924 RRB DAD, 2007 WL 2994689 at *2 (E.D.Cal. Oct.12, 2007); *Player v. Salas,* No. 04–cv–1761 LAB (WMc), 2007 WL 2781102 at *7 (S.D.Cal. Sept. 21, 2007), *aff'd* 2009 WL 890967 (9th Cir. Apr.3, 2009); *Brookins v. Terhune,* No. CIV S–03–0916 GEB JFM, 2005 WL 3262940 at *4 (E.D.Cal. Nov.28, 2005), *adopted by* 2006 WL 647975, *aff'd* 2007 WL 2827544 (9th Cir. Sept.27, 2007).

*Harper v. Costa*, No. 2:07-cv-02149-LKK-DAD, 2009 WL 1684599, at *2–3 (E. D. Cal. June 16, 2009), *subsequently aff'd*, 393 F. App'x 488 (9th Cir. 2010).

In the criminal context and in the context of certain administrative proceedings, deliberately false allegations can give rise to a due process claim where there was a resulting

11

deprivation of liberty. *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101 (9th Cir. 2010) (denying summary judgment on a fabrication of evidence claim against a defendant based on evidence that the defendant falsified evidence that was used in an administrative proceeding, and which led to the revocation of Plaintiff's foster care license and loss of guardianship of two minor children); *Chappell v. Bess*, 2012 WL 3276984, at *22 (E.D. Cal. Aug. 9, 2012) ("The court finds that plaintiff has alleged the deprivation of a cognizable liberty interest based on his allegations that, as a result of defendants' alleged fabrication of evidence, plaintiff was subjected to unwarranted disciplinary proceedings and criminal prosecution, and was retained in administrative segregation for more than two years, the latter, particularly if unwarranted, constituting an atypical and significant hardship ... in relation to the ordinary incidents of prison life." (alteration in original) (citation and internal quotation marks omitted)).

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted). In addition, a plaintiff must wait until the criminal case finishes before bringing the action. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (holding an acquitted plaintiff "could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution").[2]

---

[2] While neither the Ninth Circuit nor Supreme Court have clearly addressed it, it is likely that the criminal case must end in a plaintiff's favor. In *McDonough*, the Supreme Court suggested without holding that was a requirement. *See id.* at 2156, 2160 ("As already explained, McDonough's claim remains most analogous to a claim of common-law malicious prosecution, even if the two are not identical. *Heck* explains why favorable termination is both relevant and required for a claim analogous to malicious prosecution that would impugn a conviction, and that rationale extends to

## V.     CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claim(s). If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations

---

an ongoing prosecution as well: The alternative would impermissibly risk parallel litigation and conflicting judgments. If the date of the favorable termination was relevant in *Heck*, it is relevant here." (citations omitted)). But the Supreme Court noted it was *not* deciding the contours of a fabricated evidence claim. *See id.* at 2155 n.2. It appears the Ninth Circuit has not squarely addressed the issue.

to a district judge consistent with this order.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    a. File a First Amended Complaint; or

    b. Notify the Court in writing that he wants to stand on this complaint;

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:20-CV-01245-NONE-EPG (PC); and

3. <u>Failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:  **September 29, 2020**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE