1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JOSE G. VILLALTA,                        No.  1:20-cv-01245-NONE-EPG

11              Plaintiff,                     FINDINGS AND RECOMMENDATIONS,
                                               RECOMMENDING PLAINTIFF'S
12        v.                                   COMPLAINT BE DISMISSED WITH
                                               PREJUDICE FOR FAILURE TO STATE A
13    SUPERIOR COURT OF CALIFORNIA,            CLAIM WITHOUT LEAVE TO AMEND
      COUNTY OF ORANGE, et al.,
14                                             (ECF NO. 1)
              Defendants.
15                                             TWENTY-ONE DAY DEADLINE

16

17          Plaintiff Jose G. Villalta ("Plaintiff") is a state inmate proceeding *pro se* in this civil rights

18    action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on

19    September 2, 2020. (ECF No. 1). The Complaint brings claims that relate to occurrences before

20    trial, immediately after trial, and at prison. Plaintiff names the Superior Court of California,

21    County of Orange as a defendant.  On September 29, 2020, the Court screened Plaintiff's

22    complaint, found that he failed to state a claim, provided relevant legal standards, and granted

23    leave to amend. (ECF No. 3). On October 26, 2020, Plaintiff filed a notice, stating that he chooses

24    to stand on his complaint rather than amend it. (ECF No. 5).

25          For the reasons that follow, the Court recommends that Plaintiff's complaint be dismissed,

26    with prejudice, and without leave to amend. Plaintiff may file objections to these findings and

27    recommendations within twenty-one days of the date of service of this order, which will be

28    reviewed by the district judge.

                                                1

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**II.     ALLEGATIONS IN THE COMPLAINT**

**A.     Claim I**

Claim I begins by quoting California Penal Code § 1203.01(a) in full. That statute concerns the views the judge or district attorney has about a person who has just been convicted

or sentenced. Then the complaint reads:

> This never happen and wasn't deliver to me, that's why the counselor are denying my request Privacy Act information and pointing to the CDCR BOP Sacramento.

> The unprecedented sentencing with a multiple charges same & similar offenses violates U.S.S.G. Access to the Court, Double Jeopardy Cruel & unusual punishment & Due Process, Equal Protection Destroyed my family by separating us.   PC 269 – aggravated assault, GBI but no DNA evidence, offense date is mystery 8-24-99 not born yet, my daughter born 10-10-99 They'd have the same ages by the accuser.

## B.   Claim II

Plaintiff, who used the civil rights complaint form for this district, stated his claims arose under: "Amendment's 5, 8, 14 Due Process, Equal Protection, Double Jeopardy, Cruel & Unusual Punishment." Plaintiff cites gives purported descriptions for two cases: *Sanders v. English*, 950 F.2d 1152 (5th Cir. 1992) and *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992).

As his injury, Plaintiff wrote identified four groups:

> Investigator's – Police misconduct
> Prosecutor's – Prosecutorial misconduct
> Judge – Judicial Abuse
> CDCR – BOP – Warden

Plaintiff the alleges that those groups were: "working together for mass incarceration Prison Profit, easy Target for poor, middle income families, but not to rich, famous as Hon. Justice Kavanaugh. No one is above the law for them."

## C.   Claim III

The supporting facts for Claim III reads as follows (legal arguments omitted):

> But this J. Boyd correctional officer gave a false report. Report title 15 of Section 3017 failure to present at count time, then the Sgt. Eaton & Capotain Townsend convicted me guilty lost of credit 30 days & the 12 weeks credit, without a procedural due process.

In connection with those supporting facts, Plaintiff alleges the following injuries:

> This J. Boyd correctional officer he will go online check your charges and destroy your reputation and you can become a threat to the community for exposing your charges and giving continuous false report. No respect with elderly inmates under ADA, his response that he doesn't care. Don't know the Armstrong Remedial

1     Plan.

2  **III.    SECTION 1983**

3          The Civil Rights Act under which this action was filed provides:

4          Every person who, under color of any statute, ordinance, regulation, custom, or
           usage, of any State or Territory or the District of Columbia, subjects, or causes to
5          be subjected, any citizen of the United States or other person within the
           jurisdiction thereof to the deprivation of any rights, privileges, or immunities
6          secured by the Constitution and laws, shall be liable to the party injured in an
           action at law, suit in equity, or other proper proceeding for redress . . . .
7

8  42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

9  provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

10  U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also*

11  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

12  697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

13  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

14          To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

15  color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

16  federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*

17  *v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

18  law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

19  does an affirmative act, participates in another's affirmative act, or omits to perform an act which

20  he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*

21  *II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*,

22  588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an

23  official sets in motion a 'series of acts by others which the actor knows or reasonably should

24  know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

25  (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard

26  'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d

27  1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir.

28  2008).

1   Additionally, a plaintiff must demonstrate that each named defendant personally

2   participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must

3   be an actual connection or link between the actions of the defendants and the deprivation alleged

4   to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S.

5   658, 691, 695 (1978).

6   Supervisory personnel are generally not liable under § 1983 for the actions of their

7   employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

8   supervisory position, the causal link between him and the claimed constitutional violation must be

9   specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.

10  1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under

11  § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would

12  support a claim that the supervisory defendants either personally participated in the alleged

13  deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

14  promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of

15  constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*,

16  885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*,

17  880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own

18  culpable action or inaction in the training, supervision, or control of his subordinates," "his

19  acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that

20  showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*,

21  946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

22  **IV.   ANALYSIS OF PLAINTIFF'S CLAIMS**

23  **A.   Pleading Rules**

24  Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short

25  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

26  8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set

27  forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

28  face.'" *Iqbal*, 556 U.S. at 678. The complaint must specifically state what each defendant did that

1    violated the plaintiff's constitutional rights.

2          Plaintiff's Complaint does not comply with this rule.  It does not include a short and plain

3    statement of the claim showing that Plaintiff is entitled to relief. It is difficult to understand and

4    contains mostly sentence fragments. It also alleges injuries without identifying any clear factual

5    predicate, *e.g.*, "Investigator's – Police misconduct".

6          A complaint must also comply with the requirements of Federal Rules of Civil Procedure

7    18 and 20.  Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against

8    different defendants in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2).  "The controlling principle

9    appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim,

10   counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate

11   claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'

12   Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not

13   be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different

14   defendants belong in different suits, not only to prevent the sort of morass [a multiple claim,

15   multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees

16   for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any

17   prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *K'napp v.*

18   *California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub*

19   *nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. App'x. 791 (9th Cir.

20   2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see*

21   *also* Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any

22   right to relief is asserted against them jointly, severally, or in the alternative with respect to or

23   arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B)

24   any question of law or fact common to all defendants will arise in the action.").

25          Plaintiff's claim challenging his conviction and sentence appears to be entirely unrelated

26   to his claims regarding abuses in the legal system or false rules violations reports. Therefore,

27   Plaintiff has failed to comply with Rules 8, 18 and 20. As such, the complaint fails to state a

28   claim.

### B. Not a Proper Defendant

Plaintiff's complaint also fails to state a claim because it does not name a proper defendant.

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not exercise that power in section 1983. *Id.* at 63 ("*Quern* [v. Jordan, 440 U.S. 332 (1979)] held that § 1983 does not override a State's Eleventh Amendment immunity[.]"). A superior court is "an arm of the state not subject to § 1983 liability." *Krug v. Maricopa Cty. Superior Court*, 674 F. App'x 652, 653 (9th Cir. 2017) (unreported) (citing *Will*, 491 U.S. at 70). Hence, "Plaintiff cannot state a claim against the [Orange] County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Accordingly, to the extent Plaintiff names Superior Court of California, County of Orange, as a defendant, Plaintiff fails to state a claim.

### C. Plaintiff's First Claim Does Not a State Claim

Given that Plaintiff has chosen to stand on his complaint, the Court will elect to screen the first claim. Plaintiff's first claim first quotes a portion of California's penal code and goes on to complain that certain procedures were not filed and "that's why the counselor are denying my request Privacy Act information and pointing to the CDCR BOP Sacramento."

The Privacy Act of 1974 does not apply to state governments. *St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.2d 1369, 1373 (9th Cir. 1981) ("[T]he Privacy Act appl[ies] only to 'agencies' as that term is defined under . . . 5 U.S.C. s 552(e). Under [this] definition[], 'agency' does not encompass state agencies or bodies."). Therefore, to the extent Plaintiff alleges any violations under the Privacy Act, Plaintiff fails to state a claim.

///

Claim I then challenges the fact and duration of Plaintiff's confinement:

> The unprecedented sentencing with a multiple charges same & similar offenses violates U.S.S.G. Access to the Court, Double Jeopardy Cruel & unusual punishment & Due Process, Equal Protection Destroyed my family by separating us.  PC 269 – aggravated assault, GBI but no DNA evidence, offense date is mystery 8-24-99 not born yet, my daughter born 10-10-99 They'd have the same ages by the accuser.

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

Plaintiff's claims challenging the fact or duration of his confinement must be brought through a federal habeas action (or appropriate state action). They cannot be brought in a § 1983 action.

Therefore, even if Plaintiff's first claim were severed from the remaining parts of his complaint so as not to violate Rules 18 and 20, and even if Plaintiff had not violated Rule 8, Claim I still fails to state any claim.

## V.      CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and finds it fails to state any cognizable claims due to Plaintiff's failure to comply with pleading rules.  The Court recommends that Plaintiff's complaint be dismissed, with prejudice, for failure to state a claim.

The Court does not recommend granting further leave to amend because the Court provided Plaintiff an opportunity to amend his complaint with the benefit of the legal standards above and additional legal standards in its screening order (*see* ECF No. 3 at 8-12), and Plaintiff chose not to file an amended complaint.  Moreover, even if the Court were to sever Claims II and III and then screen only Claim I, leave to amend should still not be granted. Claim I challenges the fact or duration of Plaintiff's confinement and cites inapplicable statutes. Amending this allegation would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

///

1.   This action be dismissed with prejudice for failure to state a claim and without leave to amend; and

2.   The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**October 29, 2020**__          /s/ *Erica P. Grosjean*

                                              UNITED STATES MAGISTRATE JUDGE